UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SEAN FINN, as the assignee of EXCEL IMAGING SERVICES, LLC, | ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | No. 3:17-CV-399-TAV-HBG |
| PATRICK DOYLE, individually and d/b/a MEDICAL EXPORTERS and MEDICAL EXPORTERS, LLC, | ) ) ) ) | |
| Defendants/Counter- and Third-Party Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| EXCEL IMAGING SERVICES, LLC, WPEF, INC., and SHANNON FINN, | ) ) ) | |
| Cross- and Third-Party Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 89] of the Chief District Judge.

Now before the Court is Plaintiff's Motion to Extend Discovery Deadline for Plaintiff Only and to Continue Trial Date [Doc. 85]. Defendants filed a Response and a Motion for Trial Continuance and Amended Scheduling Order [Doc. 86] ("Response"), and Plaintiff has replied [Doc. 88]. The Motion is ripe for adjudication. Accordingly, for the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion [**Doc. 85**].

## I. POSITIONS OF THE PARTIES

Plaintiff moves [Doc. 85] the Court to continue the trial in this case and to extend his discovery deadline. Plaintiff submits that Defendants' discovery deadline should not be extended because they have not timely complied with their discovery obligations. Plaintiff states that Defendants did not provide their initial disclosures in a timely manner, and subsequently, the initial disclosures and Plaintiff's written discovery requests became a subject of dispute, which resulted in a conference with the undersigned and the filing of a motion to compel. Plaintiff submits that later, the undersigned ordered Defendants to produce certain discovery by December 21, 2018, and that Defendants have failed to produce such discovery. Plaintiff states that he could not take depositions without having Defendants' written discovery responses. Plaintiff argues that Defendants have not propounded any written discovery requests, and they have not requested to take any depositions. Finally, Plaintiff requests a new trial date in order to complete discovery in advance of trial. Plaintiff states that a new trial date will also provide the Court an opportunity to rule on the dispositive motions.

Defendants filed a Response [Doc. 86], asserting that the facts in this case are discrete and straightforward, but the case has been complicated by Plaintiff's overzealous pleadings and disregard of corporate forms. Defendants state that there are two dispositive motions pending and that the Court's decision on these motions will impact the scope of the proceedings. Defendants state that they have no objection to a trial continuance. Defendants, however, object to Plaintiff's request that the Court extend Plaintiff's discovery deadline and not Defendants' discovery deadline. Defendants state that in February, Plaintiff served 264 discovery requests and that despite the overbreadth and burden of such requests, Defendants responded to each one, with objections as appropriate, and produced 641 pages of documents, comprising all materials in their

possession, custody, or control. Defendants state that Plaintiff responded with a twenty-three page letter detailing Defendants' alleged deficiencies. Defendants state that the parties ultimately participated in a conference call and a hearing with the undersigned. Defendants argue that both parties have filed dispositive motions that will impact the scope of necessary and appropriate discovery. Further, Defendants explain that their counsel experienced an injury in February 2018, which has seriously hindered her practice this year. Defendants request that the trial be continued and that all pretrial deadlines be reset accordingly.

Plaintiff filed a Reply [Doc. 88], stating that Defendants' request for a discovery extension should be denied. Plaintiff argues that Defendants have not filed their own motion requesting an extension of the discovery deadline and that pursuant to Federal Rule of Civil Procedure 7(b), a request for a court order must be made by motion. Plaintiff argues that the deadline for discovery has now expired and that Defendants have not timely moved for an extension of their deadline. Plaintiff states that because the deadline expired, Defendants must show excusable neglect for an extension. Plaintiff argues that the party seeking an extension of the discovery deadline has the burden to show diligence in meeting the deadline. Plaintiff argues that Defendants have not shown diligence in meeting the discovery deadline.

In addition, Plaintiff states that Defendants' argument that the dispositive motions will impact the scope of necessary and appropriate discovery is flawed. Plaintiff explains that his counsel has only challenged the individual liability causes of action against Shannon Finn and Sean Finn. Plaintiff asserts that with respect to Defendants' dispositive motion, it was not filed until August 24, 2018, and therefore, there is no excuse for why Defendants did not pursue discovery in the six months between the Rule 26(f) conference and when their dispositive motion

was filed. Plaintiff maintains that Defendants have not requested a discovery extension and have not shown good cause or excusable neglect for moving their deadlines.

In support of the Reply, Plaintiff filed the Declaration of W. Edward Shipe ("Shipe") [Doc. 88-1], Plaintiff's attorney. According to Shipe, Plaintiff has engaged in discovery diligently and in good faith beginning shortly after the Rule 26(f) conference. [*Id.* at ¶ 2]. Shipe states that through no fault of his own, he has been unable to complete discovery. [*Id.*]. Shipe states that Plaintiff timely made his initial disclosures, but Defendants did not. [*Id.* at ¶ 6]. Further, Shipe states that Plaintiff's written discovery and Defendants' tardy initial disclosures became a subject of dispute. [*Id.*]. Shipe continues that on December 7, 2018, the undersigned ordered Defendant to respond to written discovery and that Defendants missed the Court-ordered deadline to comply. [*Id.* at ¶ 7]. Shipe submits that Defendants' deadline to supplement their responses was only five days before the discovery deadline and that Plaintiff still has not received the supplement. [*Id.* at ¶ 8]. Further, Shipe states that he has been unable to take depositions and third-party discovery and that Defendants' lack of participation in discovery is in sharp contrast to Plaintiff's diligent efforts. [*Id.* at ¶¶ 9, 11].

## II. ANALYSIS

The Court has considered the parties' positions, and for the reasons further explained below, the Court finds Plaintiff's Motion [**Doc. 85**] well taken, in part.

As an initial matter, the Court observes that both parties request that the trial be continued in this case. The Court is familiar with the background of this case and agrees that a trial continuance is warranted so that the parties can adequately prepare for trial. Accordingly, the trial in this matter is hereby **CONTINUED** to **October 28, 2019, at 9:00 a.m.** The parties **SHALL**

appear before Chief District Judge Varlan on **October 21, 2019, at 2:00 p.m.**, for a pretrial conference.

In the present matter, the dispute is whether the discovery deadline should be extended for both parties. Plaintiff requests a discovery extension in this matter and asserts that Defendants' discovery deadline should not be extended. Defendants state that both parties' deadline for discovery should be extended. The Court has considered Plaintiff's request and declines to extend a deadline for one party but not the other. As mentioned above, the Court is familiar with the background of this case, including the parties' discovery disputes. *See* [Doc. 83]. As explained in the previous Order, although the parties had a number of genuine discovery disputes, the Court also found that Plaintiff served a number of improper discovery requests, and Defendants did not sufficiently answer many discovery requests that were relevant and proportional to the needs of this case. [*Id.*]. Such discovery disputes have prevented the parties from moving forward in this case, and the Court finds that extending the deadline for both parties the appropriate course of action.

Plaintiff asserts that Defendants have not timely requested a discovery extension because their request was filed in a response brief as opposed to a motion pursuant to Rule 7. Plaintiff argues that the discovery deadline has now expired and that in order to obtain an extension, Defendants must show excusable neglect. Plaintiff maintains that Defendants have not established excusable neglect.

Rule 7(b) states that a request for a court order must be made by motion, which must be in writing, state with particularity the grounds for seeking the order, and the relief sought. The Court finds that Defendants' filing complies with Rule 7(b). Although Defendants' request for an extension was filed in the same document as its Response, Defendants titled the document as a

"Motion for Trial Continuance and Amended Scheduling Order." Further, Defendants' filing states with particularity the grounds for seeking an order and states the relief sought. The Court further finds that Plaintiff's argument places too much emphasis on form rather than substance. *See Elustra v. Mineo*, 595 F.3d 699, 708 (7th Cir. 2010) ("The purpose of Rule 7 is to provide notice to the court and the opposing party."). Here, both parties explain why they need an extension of the discovery deadline. Plaintiff asserts that Defendants have not complied with their discovery obligations, and therefore, he cannot proceed with other discovery. Defendants explain that their counsel sustained an injury that seriously hindered her practice but that counsel's physicians expect that she will be fully back to work within a few weeks. Accordingly, the Court finds that both parties have established good cause for an extension of the discovery deadline.

## III. CONCLUSION

Accordingly, Plaintiff's Motion to Extend Discovery Deadline for Plaintiff Only and to Continue Trial Date is **GRANTED IN PART AND DENIED IN PART** [**Doc. 85**]. The trial in this matter **SHALL** be continued to **October 28, 2019**. The parties **SHALL** appear before Chief District Judge Varlan on **October 21, 2019, at 2:00 p.m.**, for a pretrial conference. All unexpired deadlines, as of the date of Plaintiff's Motion, shall be recalculated to the new trial date.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge